## CHAS. H. WOOLLUMS v. H. H. MURRAY, ETC.

**Alteration of Instruments—Substituting Another as Drawer of Bill.**

Where a bill, after being drawn and accepted and while in the hands of the holder, was so altered, without the drawer's knowledge or consent, as to substitute another as drawer, it was a material alteration such as will relieve the original drawer from liability thereon.

APPEAL FROM FAYETTE CIRCUIT COURT.

January 7, 1873.

OPINION BY JUDGE HARDIN:

If it be true, as alleged in the answer, and the evidence conduces to prove, that the bill accepted by the appellant was also

drawn by him and not by the appellees, as the one sued upon purports to have been, or in other words, that the paper as originally drawn and accepted was afterwards, while in the holder's possession, so altered, without the appellant's knowledge or consent, as to substitute the appellees as drawers for the appellant, thereby changing the character of the paper and destroying its identity, we must regard the alteration as material, and as one which operated to relieve the appellant from liability on the paper in its present form, or rather as imposing none upon him. Whether he may not still be liable on the bill as originally executed, as on account for the lumber which seems to have been the consideration of his acceptance, may depend on ulterior facts not fully disclosed in this record. But however this may be, the instruction given by the court to the jury, in substance and effect, that notwithstanding the erasure and substitution of the drawer's name, the appellant was still liable on the paper, if originally given for a debt to the appellees, can not be sustained. It seems to us to be inconsistent both with other instructions given by the court, and with our own views of the law of the case as herein indicated.

Wherefore the judgment is reversed and the case remanded for a new trial on principles consistent with this opinion. On the return of the cause the plaintiffs should be allowed to file their amended petition, which was offered and rejected.

*Breckenridge & Buckner, J. T. Shelby, for appellant.*

*Johnson & Brown, for appellees.*